# PRICE, MEESE, SHULMAN & D'ARMINIO, P.C.
## ATTORNEYS AT LAW

WWW.PRICEMEESE.COM

---

TICE CORPORATE CENTER
50 TICE BOULEVARD
SUITE 380
WOODCLIFF LAKE, NEW JERSEY 07677
PHONE: 201-391-3737
FAX: 201-391-9360

115 EAST STEVENS AVENUE
SUITE 109
VALHALLA, NEW YORK 10595

89 HEADQUARTERS PLAZA NORTH
SUITE 1465
MORRISTOWN, NJ 07960

**PLEASE RESPOND TO WOODCLIFF LAKE OFFICE**

**Sender's Email Address:**
Rsteinberg@pricemeese.com

January 7, 2025

Hon. Henry J. Ricardo, U.S. M.J.
United States District Court for the Southern District of New York
500 Pearl Street
New York, NY 10007-1312

Re: **Mediterranean Shipping Company (U.S.A.) Inc. v. Royal Halo LLC**
**Case No. 24-CV-2292 (JGLC)**
**Our File No. 9203.030815**

Dear Judge Ricardo:

This law firm represents Plaintiff, Mediterranean Shipping Company (U.S.A.) Inc., in the above-referenced matter. Enclosed please find a chambers' copy of a Certification of Service of you Honor's Scheduling Order for Damages Inquest. Confirming my prior correspondence to your Honor dated November 19, 2024 Plaintiff will rely on its prior submissions in lieu of Proposed Findings of Fact and Conclusions of Law in support of its request for entry of final judgment by default. By separate letter attached as an exhibit to the Certification of Service of the Scheduling Order, I advised the Defendant accordingly. Thank you for your Honor's consideration of this matter.

Very truly yours,

**Price Meese Shulman & D'Arminio, P.C.**

/s/ Rick A. Steinberg

Rick A. Steinberg

RAS/ras
Enc.

Rick A. Steinberg, Esq.
**PRICE MEESE SHULMAN & D'ARMINIO, P.C.**
50 Tice Boulevard, Suite 380
Woodcliff Lake, NJ 07677
Tel: (201) 391-3737
Fax: (201) 391-9360
RSteinberg@pricemeese.com

Attorneys for Plaintiff,
Mediterranean Shipping Company (USA) Inc.
as agent for MSC Mediterranean Shipping Company S.A.

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **MEDITERRANEAN SHIPPING COMPANY (U.S.A.) INC. AS AGENT FOR MSC MEDITERRANEAN SHIPPING COMPANY S.A.,**<br><br>Plaintiff,<br><br>v.<br><br>**ROYAL HALO LLC,**<br><br>Defendant. | Civil Action No.<br>1:24-cv-02292-JGLC<br><br><br><br><br><br>**CERTIFICATION OF SERVICE OF SCHEDULING ORDER FOR DAMAGES INQUEST** |

1.  I, Rick A. Steinberg, do certify that on November 19, 2024, I caused a true and correct copy of a Scheduling Order for Damages Inquest to be served on Defendant by certified and regular mail under the attached cover letter as follows:

    Royal Halo LLC
    1000 North West Street, Suite 1200
    Wilmington, DE 19801

2.  The regular mail envelope was not returned and is presumed delivered; and, the certified mail envelope was signed for on November 22, 2024, per the attached green receipt.

    I hereby certify under penalty of perjury pursuant to 28 U.S.C. § 1746 that the foregoing is true and correct.

1

Dated: January 7, 2025
      Woodcliff Lake, New Jersey

/s/ Rick A. Steinberg
RICK A. STEINBERG

# PRICE, MEESE, SHULMAN & D'ARMINIO, P.C.
### ATTORNEYS AT LAW

WWW.PRICEMEESE.COM

---

TICE CORPORATE CENTER
50 TICE BOULEVARD
SUITE 380
WOODCLIFF LAKE, NEW JERSEY 07677
PHONE: 201-391-3737
FAX: 201-391-9360

115 EAST STEVENS AVENUE
SUITE 109
VALHALLA, NEW YORK 10595

89 HEADQUARTERS PLAZA NORTH
SUITE 1465
MORRISTOWN, NJ 07960

**PLEASE RESPOND TO WOODCLIFF LAKE OFFICE**

**Sender's Email Address:**
Rsteinberg@pricemeese.com

November 19, 2024

**Via certified and regular mail**
Royal Halo LLC
1000 N. West Street
Suite 1200
Wilmington, DE 19801

Re:  **Mediterranean Shipping Company (U.S.A.) Inc. v. Royal Halo LLC\
United States District Court for the Southern District of New York
Case No. 24-CV-2292 (JGLC)
Our File No. 9203.030815**

Dear Sir or Madam:

This law firm represents Plaintiff, Mediterranean Shipping Company (U.S.A.) Inc., in the above-referenced matter. Enclosed please find a copy of an entered and filed Scheduling Order for Damages Inquest. Pursuant to decretal paragraph 1 of the Order, Plaintiff will rely on its prior submissions in lieu of Proposed Findings of Fact and Conclusions of Law in support of its request for entry of final judgment by default.

Very truly yours,

**Price Meese Shulman & D'Arminio, P.C.**

/s/ Rick A. Steinberg

Rick A. Steinberg

RAS/ras
Enc.

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11/15/2024
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MEDITERRANEAN SHIPPING COMPANY
(USA) INC.,

                Plaintiff,

-v-

ROYAL HALO LLC,

                Defendant.

**SCHEDULING ORDER
FOR DAMAGES INQUEST**

24-CV-2292 (JGLC) (HJR)

**HENRY J. RICARDO, United States Magistrate Judge.**

On November 7, 2024, Judge Clarke granted a motion for default judgment against defendant Royal Halo, LLC ("Royal Halo"). ECF No. 20. On November 13, 2024, this case was referred to a Magistrate Judge to conduct an inquest into damages and analysis as to the appropriateness of injunctive relief. ECF No. 21. On November 14, 2024, the referral was reassigned to me.

"[E]ven when the defendant defaults and is not present to object, damages must be based on admissible evidence." *Am. Jewish Comm. v. Berman*, No. 15-CV-5983 (LAK) (JLC), 2016 WL 3365313, at *4 (S.D.N.Y. June 15, 2016) (quoting *House v. Kent Worldwide Mach. Works, Inc.*, 359 F. App'x 206, 207 (2d Cir. 2010)) (citations omitted), *adopted by* 2016 WL 4532201 (S.D.N.Y. Aug. 29, 2016). In the context of a default, allegations in a pleading pertaining to damages are not deemed admitted. *Nat'l Photo Grp., LLC v. Bigstar Entm't, Inc.*, No. 13-CV-5467 (VSB) (JLC), 2014 WL 1396543, at *2 (S.D.N.Y. Apr. 11, 2014) (citing *Finkel v. Romanowicz*, 577 F.3d 79, 84 (2d Cir. 2009)), *adopted by* 2014 WL 5051275

1

(S.D.N.Y. Oct. 8, 2014). Rather, "a plaintiff must submit sufficient evidence, in the form of detailed affidavits and other documentary materials to enable the district court to 'establish damages with reasonable certainty.'" *Id.* (quoting *Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp.*, 109 F.3d 105, 111 (2d Cir. 1997)) (internal citations omitted); *see also* Fed. R. Civ. P. 55(b)(2).

Moreover, where a plaintiff's filings raise questions as to whether a district court may permissibly exercise personal jurisdiction over a non-appearing defendant, the court may consider *sua sponte* whether the plaintiff has set forth facts justifying the assertion of personal jurisdiction. *Hood v. Ascent Med. Corp.*, No. 13-CV-0628 (RWS) (DF), 2016 WL 1366920, at *6 (S.D.N.Y. Mar. 3, 2016), *adopted by* 2016 WL 3453656 (S.D.N.Y. June 20, 2016), *aff'd*, 691 F. App'x 8 (2d Cir. 2017). *See generally Sinoying Logistics Pte Ltd. v. Yi Da Xin Trading Corp.*, 619 F.3d 207, 213 (2d Cir. 2010) ("Because personal jurisdiction can be waived by a party, a district court should *not* raise personal jurisdiction *sua sponte* when a defendant has appeared and consented . . . to the jurisdiction of the court. But when a defendant declines to appear, . . . before a court grants a motion for default judgment, it may first assure itself that it has personal jurisdiction over the defendant.") (internal citations omitted).

Accordingly, it is hereby **ORDERED** that:

1. Plaintiff shall serve defendant Royal Halo and file Proposed Findings of Fact and Conclusions of Law concerning all injunctive relief, damages, and any other monetary relief permitted under the entry of default judgment no later than

**January 14, 2025.** Plaintiff shall include with such service a copy of this Order. The submission shall contain a concluding paragraph that succinctly summarizes what damage amount (or other monetary relief) is being sought, including the exact dollar amount. Plaintiff may also rely on its prior submissions in lieu of Proposed Findings of Fact and Conclusions of Law but must advise the Court that it is doing so by **January 14, 2025.**

2. Plaintiff's Proposed Findings of Fact should specifically tie the proposed damages figures to the legal claims on which liability has been established; should demonstrate how plaintiff has arrived at the proposed damages figures; and should be supported by one or more affidavits, which may attach any documentary evidence establishing the proposed damages. <u>Each Proposed Finding of Fact shall be followed by a citation to the paragraphs of the affidavits and or page of documentary evidence that supports each such Proposed Finding</u>. To the extent the Proposed Findings contain any allegations regarding liability, the Proposed Findings should cite to the appropriate paragraph of the complaint.

Any request for attorneys' fees must be supported by contemporaneous time records showing, for each attorney, the date of service, the hours expended, and the nature of the work performed. Counsel should file an affidavit providing the number of years each attorney has been admitted to the bar and their hourly rate. Counsel should also include charts related to any fees that they are seeking, in terms of hours and number of attorneys, if appropriate. Any spreadsheet calculations of attorney's fees should also be provided in Microsoft Excel format to

the Court via email to RicardoNYSDChambers@nysd.uscourts.gov. The Conclusions of Law shall include a paragraph or paragraphs setting forth the legal basis for any requested award of attorney's fees including, if applicable, why the number of attorneys involved are entitled to fees. Finally, counsel should provide documentary evidence justifying an award of costs.

In lieu of conclusions of law, plaintiff may submit a memorandum of law setting forth the legal principles applicable to plaintiff's claim or claims for damages (including but not limited to the legal basis for any claim for interest or attorneys' fees). Plaintiff's papers must include an affidavit from someone with personal knowledge, setting forth the facts which establish liability, the proposed damages amount, and facts which establish that the Court has both personal jurisdiction over the defendants, and jurisdiction over the subject matter.

Defendant Royal Halo shall send to plaintiff's counsel and file with the Court their response, if any, to plaintiff's submissions no later than **February 4, 2025.**

3. The Court hereby notifies the parties that it may conduct this inquest based solely upon the written submissions of the parties. *See Bricklayers & Allied Craftworkers Local 2, Albany, N.Y. Pension Fund v. Moulton Masonry & Const., LLC*, 779 F.3d 182, 189 (2d Cir. 2015) (quoting *Action S.A. v. Marc Rich & Co.*, 951 F.2d 504, 508 (2d Cir. 1991)); *Cement & Concrete Workers Dist. Council Welfare Fund, Pension Fund, Annuity Fund, Educ. & Training Fund & Other Funds v. Metro Found. Contractors Inc.*, 699 F.3d 230, 234 (2d Cir. 2012) (citation omitted). To the extent that any party seeks an evidentiary hearing on the issue of damages,

such party must set forth in its submission the reason why the inquest should not be conducted based upon the written submissions alone, including a description of what witnesses would be called to testify at a hearing and the nature of the evidence that would be submitted.

4. A courtesy copy of any document filed with the Court shall be sent or delivered to the undersigned.

**SO ORDERED.**

Dated: November 15, 2024
      New York, New York

_____
Henry J. Ricardo
United States Magistrate Judge

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:
Royal Halo LLC
1000 N. West Street
Suite 1200
Wilmington, DE 19801

9590 9402 9071 4122 3800 70

2. Article Number
9589 0710 5270 1600 7547 65

PS Form 3811, July 2020 PSN 7530-02-000-9053

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _____ ☐ Agent ☐ Addressee

B. Received by (Printed Name)   C. Date of Delivery
Caymen Taville    11-22-24

D. Is delivery address different from item 1? ☐ Yes
   If YES, enter delivery address below: ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☒ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery (over $500)
☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

Domestic Return Receipt