UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MEDITERRANEAN SHIPPING COMPANY (USA) INC.,

                Plaintiff,

-v-

ROYAL HALO LLC,

                Defendant.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2/6/2025

**ORDER**

24-CV-2292 (JGLC) (HJR)

**HENRY J. RICARDO, United States Magistrate Judge.**

    On November 15, 2024, the Court entered a Scheduling Order for Damages Inquest directing Plaintiff to serve Proposed Findings of Fact and Conclusions of Law concerning all injunctive relief, damages, and any other monetary relief permitted under the entry of default judgment, or to advise the Court that Plaintiff would rely on its prior submissions in lieu of Proposed Findings of Fact and Conclusions of Law. *See* Scheduling Order, ECF No. 22. By Letters dated November 19, 2024, and January 7, 2025, Plaintiff advised the Court that it would rely on its prior submissions. *See* ECF Nos. 23–24.

    "[E]ven when the defendant defaults and is not present to object, damages must be based on admissible evidence." *Am. Jewish Comm. v. Berman*, No. 15-CV-5983 (LAK) (JLC), 2016 WL 3365313, at *4 (S.D.N.Y. June 15, 2016) (quoting *House v. Kent Worldwide Mach. Works, Inc.*, 359 F. App'x 206, 207 (2d Cir. 2010)) (citations omitted), *adopted by* 2016 WL 4532201 (S.D.N.Y. Aug. 29, 2016). "[A] plaintiff must submit sufficient evidence, in the form of detailed affidavits and other

1

documentary materials to enable the district court to 'establish damages with reasonable certainty.'" *Nat'l Photo Grp., LLC v. Bigstar Entm't, Inc.*, No. 13-CV-5467 (VSB) (JLC), 2014 WL 1396543, at *2 (S.D.N.Y. Apr. 11, 2014) (quoting *Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp.*, 109 F.3d 105, 111 (2d Cir. 1997)), *adopted by* 2014 WL 5051275 (S.D.N.Y. Oct. 8, 2014); *see also* Fed. R. Civ. P. 55(b)(2).

Upon review of the prior submissions on which Plaintiff relies, the Court finds them wholly inadequate to establish damages with reasonable certainty. Plaintiff must submit admissible evidence that supports the relief it seeks. The failure to do so will result in a recommendation that final judgment *not* be entered in the amount claimed.

In support of its request for entry of final judgment by default, Plaintiff relies upon the April 25, 2024 Declaration of Rick A. Steinberg ("Steinberg Declaration"), ECF No. 12-1, and its attached exhibits. The Steinberg Declaration represents that Exhibit B, ECF No. 12-3, is a copy of a statement of account for the purpose of calculating damages. *See* Steinberg Decl. ¶¶ 16, 20. However, it is unclear how Mr. Steinberg, outside counsel, has personal knowledge of these facts. Further, Exhibit B only shows the dates, identification numbers, and balances of invoices totaling $183,403.63. In order to substantiate its claim, Plaintiff must submit copies of the invoices themselves, authenticated by someone with personal knowledge of them, to demonstrate the services provided accounting for the proposed damages figure.

Plaintiff should also provide an authenticated copy of the executed bill of lading, which it states is incorporated by reference into the Complaint, *see* Compl., ECF No. 1 ¶ 8. If a plaintiff's filings raise questions about whether a district court can exercise personal jurisdiction over a non-appearing defendant, the court can assess *sua sponte* whether the plaintiff has presented sufficient facts to justify asserting such jurisdiction. *See Sinoying Logistics Pte Ltd. v. Yi Da Xin Trading Corp.*, 619 F.3d 207, 213 (2d Cir. 2010) ("Before a court grants a motion for default judgment, it may first assure itself that it has personal jurisdiction over the defendant.") (cleaned up). According to the Complaint, the bill of lading supports Plaintiff's allegation that the Court has both personal jurisdiction over the Defendant and jurisdiction over the subject matter. *Id.* ¶ 6.

Additionally, Plaintiff must submit evidence to support its claim for "reasonable attorney fees" requested in paragraph 14 of the Steinberg Declaration. As described in paragraph 2 of the Scheduling Order, any request for attorney's fees must be supported by contemporaneous time records showing, for each attorney, the date of service, the hours expended, and the nature of the work performed. Plaintiff has failed to provide any of this information. If Plaintiff wishes to obtain an award of attorney fees, it must substantiate its claims. Counsel should file an affidavit providing the number of years each attorney has been admitted to the bar and their hourly rate, and include charts related to any fees that they are seeking, in terms of hours and number of attorneys, if appropriate. Any spreadsheet calculations of

3

attorney's fees should also be provided in Microsoft Excel format to the Court at RicardoNYSDChambers@nysd.uscourts.gov.

Plaintiff shall file its supporting evidence no later than Thursday, February 27, 2025.

Plaintiff is directed to file proof of service on Defendant of a copy of this Order and its response by February 27, 2025.

Defendant is directed to file its response, if any, to Plaintiff's submissions by Thursday March 13, 2025.

**SO ORDERED.**

Dated: February 6, 2025
      New York, New York

Henry J. Ricardo
United States Magistrate Judge