UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

MEDITERRANEAN SHIPPING COMPANY
(USA) INC. as agent for MSC Mediterranean
Shipping Company S.A.,

                    Plaintiff,

        -against-

ROYAL HALO LLC,

                    Defendant.

24-CV-2292 (JGLC) (HJR)

**OPINION AND ORDER**

---

JESSICA G. L. CLARKE, United States District Judge:

Plaintiff Mediterranean Shipping Company (USA) Inc. ("Mediterranean" or "Plaintiff"),
as an agent for MSC Mediterranean Shipping Company S.A ("MSC"), brings this action against
Defendant Royal Halo LLC ("Royal Halo" or "Defendant") for admiralty and maritime claims.
Following a grant of default judgment, this matter was referred to Magistrate Judge Ricardo for
an inquest into damages. Magistrate Judge Ricardo recommended that no default judgment be
entered against Royal Halo, and that the case be dismissed for lack of personal jurisdiction.
Mediterranean timely filed an objection to Magistrate Judge Ricardo's report and
recommendation ("R&R"). For the reasons set forth below, this Court adopts the R&R and
dismisses this case for lack of personal jurisdiction.

## BACKGROUND

The Court assumes familiarity with the underlying facts of this case, as set forth in the
R&R. ECF No. 31 ("R&R") at 4–6.

On March 27, 2024, Mediterranean initiated this action against Royal Halo. ECF No. 1.
Although Defendant filed an answer on May 22, 2024, Defendant appeared to be proceeding *pro
se*. ECF No. 16. Because a corporate entity may only appear in federal court through counsel,

this Court ordered Defendant to retain counsel. ECF No. 18 (citing *Grace v. Bank Leumi Tr. Co. of N.Y.*, 443 F.3d 180, 192 (2d Cir. 2006)). However, Defendant failed to retain counsel, and this Court granted default judgment and referred the matter to Magistrate Judge Ricardo for an inquest into damages. ECF Nos. 20–21.

On November 15, 2024, Magistrate Judge Ricardo entered a scheduling order for the damages inquest. ECF No. 22. Plaintiff informed Magistrate Judge Ricardo of its intention to "rely on its prior submissions" for the purposes of the inquest. ECF Nos. 23–24. On February 6, 2025, Magistrate Judge Ricardo found Plaintiff's prior submissions, on which Plaintiff relied, "wholly inadequate to establish damages with reasonable certainty," and ordered Plaintiff to submit additional admissible evidence in support of its relief sought. ECF No. 25. On February 18, 2025, Plaintiff submitted an affidavit with attached copies of invoices and Bills of Lading (also referred to as "Sea Waybills"). ECF No. 26. Plaintiff's affidavit also referenced attached booking confirmations that were not actually attached or filed with Plaintiff's February 18 submission. ECF No. 28*; see also* ECF No. 26. Following Magistrate Judge Ricardo's order that Plaintiff file a full and complete copy of the affidavit, ECF No. 28, Plaintiff refiled its affidavit with the booking confirmations attached. ECF No. 29 at 26–35. On May 23, 2025, Magistrate Judge Ricardo issued an R&R recommending that "no default judgment be entered against Royal Halo, and that this case be dismissed for lack of personal jurisdiction." R&R at 1. On June 2, 2025, Plaintiff timely objected to the R&R. ECF No. 33 ("Obj.").

**LEGAL STANDARD**

In reviewing a Report and Recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). A district court "must determine de novo any part of the magistrate

judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); *see also United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997). To accept those portions of the report "to which no timely objection has been made," however, "a district court need only satisfy itself that there is no clear error on the face of the record." *See, e.g.*, *Wilds v. United Parcel Serv., Inc.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003) (internal citation omitted). This clearly erroneous standard also applies when a party makes only conclusory or general objections, or simply reiterates his original arguments. *See, e.g.*, *Ortiz v. Barkley*, 558 F. Supp. 2d 444, 451 (S.D.N.Y. 2008). Additionally, "new arguments and factual assertions cannot properly be raised for the first time in objections to the report and recommendation, and indeed may not be deemed objections at all." *Gagliardi v. Prager Metis CPAs LLC*, 738 F. Supp. 3d 469, 475 (S.D.N.Y. 2024) (quoting *Piligian v. Icahn Sch. of Med. at Mount Sinai*, 490 F. Supp. 3d 707, 716 (S.D.N.Y. 2020) (cleaned up)).

## DISCUSSION

Magistrate Judge Ricardo's R&R determined that there is no personal jurisdiction over Defendant because the forum selection clause contained in the Sea Waybills was not enforceable against Royal Halo. R&R at 11. Plaintiff does not object to Magistrate Judge Ricardo's conclusion that there is no other basis for personal jurisdiction over Defendant, such as general or specific personal jurisdiction. *See* Obj.; R&R at 10–11.

> "The Second Circuit has established a four-part analysis to determine whether a forum-selection clause is enforceable: (1) whether the clause was reasonably communicated to the party resisting enforcement; (2) whether the clause is mandatory or permissive; (3) whether the claims and parties involved in the suit are subject to the forum selection clause; and (4) if the first three inquiries are satisfied and the forum selection clause is presumptively enforceable, whether the resisting party has rebutted the presumption of enforceability."

R&R at 8 (citing *Phillips v. Audio Active, Ltd.*, 494 F.3d 378, 383–84 (2d Cir. 2007)).

Here, Magistrate Judge Ricardo determined that the forum selection clause was not enforceable against Defendant because Plaintiff offered "no evidence that [the forum selection clause,] Section 10.3 of the Sea Waybills[,] was reasonably communicated to Royal Halo." R&R at 10. As this element is dispositive, Magistrate Judge Ricardo declined to analyze the other elements of the Second Circuit's four-part analysis of forum selection clauses' enforceability. *Id.*

Plaintiff does not object to Magistrate Judge Ricardo's legal analysis. *See* Obj. Further, Plaintiff does not object to Magistrate Judge Ricardo's conclusion that Defendant "is not a direct party to the Sea Waybills," and "did not sign the Sea Waybills." R&R at 8–9; *see* Obj. However, Plaintiff provides new evidence in arguing that the Sea Waybills, and thereby the forum selection clause, were communicated to Defendant via email. Obj. ¶¶ 27–28.

To support its argument, Plaintiff attached to its objection correspondence between the parties. *See* ECF No. 33-3. This mainly entailed an email chain, purportedly between MSC and Royal Halo personnel, dated from February 6, 2023 through August 22, 2023. ECF No. 33-3 at 1–42. Specifically, a February 9, 2023 email from Wendy White, whose signature block indicates that she is a representative of MSC, sent to Ricardo Hernandez, Managing Director of Royal Halo, states that "MSC has fulfilled all its due diligence under the Terms and Conditions of its Bill of Lading / Sea Waybill (available at www.msc.com)." ECF No. 33-3 at 11; ECF No. 33-2 ¶ 3 (identifying a participant in the email chain as Ricardo Hernandez, "Managing Director of Defendant"). In a June 2, 2023 email to Hernandez, White again references the Bill of Lading, and quotes passages from it, though none of these excerpts include the forum selection clause. ECF No. 33-3 at 7–8. There are no other substantive references to the terms of the parties' Sea Waybills in this email chain. *See* ECF No. 33-3. Similarly, none of the emails in this chain appear to explicitly include the Sea Waybills as an attachment. *See id.*

4

Additionally, Plaintiff provides three screenshots of emails, apparently between the shipper, Supreme Fruits, and Defendant, referencing the shipping containers "TGHU9990658" and "CRSU6029625." ECF No. 33-3 at 43–45. Two of these emails, dated January 14, 2023, indicate that the shipper forwarded attached documents related to those containers, but the attachments are not included or described. *Id.* at 44–45. Plaintiff does not provide the attached documents or any information about the attached documents, such as the file names. *Id.* at 43–45.

Plaintiff did not previously provide these emails to Magistrate Judge Ricardo, despite his multiple orders over a span of six months that Plaintiff provide evidentiary support for its relief sought. ECF Nos. 22, 25, 28. Plaintiff gives no explanation for its failure to provide evidentiary support to Magistrate Judge Ricardo that Defendant was provided the forum selection clause. This alone is fatal to Plaintiff's objection. *See Matthews v. Barq*, No. 18-CV-855 (TJM) (CFH), 2021 WL 1135452, at *1 (N.D.N.Y. Mar. 25, 2021) (internal citation omitted) ("However, a district court will ordinarily refuse to consider evidentiary material that could have been, but was not, presented to the magistrate judge in the first instance."). It is well-established "that a district judge will not consider new arguments raised in objections to a magistrate judge's report and recommendation that could have been raised before the magistrate but were not." *Hubbard v. Kelley*, 752 F. Supp. 2d 311, 313 (W.D.N.Y. 2009); *see also Forman v. Artuz*, 211 F. Supp. 2d 415, 418 n.8 (S.D.N.Y. 2000) (declining to consider "legal arguments and factual assertions" newly raised in a party's objections because "[s]uch arguments and assertions . . . were not before the Magistrate Judge and are not, therefore, properly raised here"); *Abu–Nassar v. Elders Futures, Inc.*, No. 88-CV-7906 (PKL) (MHD), 1994 WL 445638 at *4 n. 2 (S.D.N.Y. Aug. 17, 1994 ) (holding that arguments and evidence newly raised in objections "are untimely" and

consideration of them "would unduly undermine the authority of the Magistrate Judge by allowing litigants the option of waiting until a report is issued to advance additional arguments"); *Pan Am. World Airways, Inc. v. Int'l Bhd. of Teamsters, Chauffeurs, Warehousemen & Helpers of Am.*, 894 F.2d 36, 40 n.3 (2d Cir. 1990) (holding that a party "had no right to present further testimony [to the district judge,] when it offered no justification for not offering the testimony at the hearing before the magistrate"). As such, this newly submitted evidence is improper at this stage.

Additionally, the Court notes that Plaintiff's attachments to its objection still do not sufficiently show that Defendant received the forum selection clause. At most, Plaintiff has shown that (1) Defendant's Managing Director received emails containing passing references to and excerpts from the "Bill of Lading / Sea Waybill" (none of which included the forum selection clause); and (2) unidentified documents related to the shipping containers at issue were attached to emails exchanged between the shipper and a representative of Defendant. ECF No. 33-3 at 11, 7–8, 43–45. Nothing in Plaintiff's attached emails, as filed, actually and explicitly shows that Sea Waybills were sent to Royal Halo. *See* ECF No. 33-3.

Therefore, even after considering Plaintiff's objection, the Court finds the R&R to be well-reasoned and grounded in fact and law. Accordingly, the Court adopts the R&R in its entirety, and dismisses the case for lack of personal jurisdiction. No default judgment is to be entered against Defendant.

## CONCLUSION

The Court ADOPTS the R&R in its entirety, and DISMISSES this case for lack of personal jurisdiction. The Clerk of Court is directed to close the case and to mail a copy of this

6

Order to Defendant.


Dated: February 20, 2026
       White Plains, New York

SO ORDERED.

*Jessica Clarke*

JESSICA G. L. CLARKE
United States District Judge

7